IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CHARLES A. PRICE,                     )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )          CASE NO. 2:08-CV-856-WKW
                                      )                   [wo]
STATE OF ALABAMA, *et al.,*            )
                                      )
          Defendants.                 )

## ORDER

On November 26, 2008, the Magistrate Judge filed a Recommendation that the court dismiss Plaintiff Charles A. Price's ("Mr. Price") complaint before service of process under 28 U.S.C. § 1915(e)(2)(B).[1]  (Doc. # 7.)  Mr. Price filed objections on December 9, 2008, requesting (1) that he be released from the conservatorship and guardianship which control his person and estate and (2) that his conservator be ordered to allow him access to money from his estate so that he can hire a lawyer to represent him in guardianship proceedings. (Doc. # 9.)

Having conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made, *see* 28 U.S.C. § 636(b)(1)(C), the court finds

---

[1] "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

that the objections simply restate the content of the complaint and that the Magistrate Judge has accurately and thoroughly addressed the reasons for the complaint's failure.

Federal courts do not have jurisdiction under § 1983 to review the judgments of state courts on appeal. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) ("a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"). Mr. Price's complaint and objections are based upon state court decisions which this court does not have jurisdiction to review, and Mr. Price seeks damages from parties who are immune from suit. Additionally, Mr. Price fails to state any other federal claims. While Mr. Price may have viable state law claims, the court declines supplemental jurisdiction over any such claims in the absence of any surviving federal claims, pursuant to 28 U.S.C. § 1367(c)(3). *See Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) (dismissal of state law claims pursuant to § 1367(c) is encouraged if federal claims dismissed prior to trial). Accordingly, any state law claims which may remain are due to be dismissed without prejudice.

Accordingly, it is ORDERED that:

1.      Mr. Price's objections (Doc. # 9) are OVERRULED.

2.      The Recommendation (Doc. # 7) is ADOPTED.

3.    Mr. Price's federal claims are DISMISSED with prejudice pursuant to 28

U.S.C. § 1915(e)(2)(B).

4.    Mr. Price's state law claims are DISMISSED without prejudice pursuant to 28

U.S.C. § 1367(c)(3).

5.    Mr. Price's Motion for Leave to Amend Complaint (Doc. # 6) is DENIED as

MOOT.

6.    Mr. Price's Motion to Amend Complaint (Doc. # 8) is DENIED as MOOT.

An appropriate judgment will be entered.

DONE this 24th day of December, 2008.

        /s/   W.  Keith Watkins
UNITED STATES DISTRICT JUDGE